UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL FALU,

                Plaintiff,

- against -

THE CITY OF NEW YORK, JUAN CRUZ,
MARCOS SANCHEZ, and EDSON GARCIA,

                Defendants
-----------------------------------------------------------------x

Docket No. 11CV8328(GBD)

AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Miguel Falu by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

2. Plaintiff Miguel Falu is a citizen of the United States who was lawfully present on 164th Street, between Nelson Avenue and Woodycrest Avenue in the Bronx, New York, on June 10, 2011, when he was approached by New York City police officers Juan Cruz, Marcos Sanchez and Edson Garcia, accused of swallowing a controlled substance, arrested, handcuffed, placed in a police vehicle, transported to the 44th Precinct, strip searched, transported to Bronx Lebanon Hospital, where he was required to provide a urine sample, transported back to the 44th Precinct, where he was imprisoned until the following morning, then transported to Bronx Central Booking, where he was imprisoned until arraignment on July 12, 2011, on false criminal charges of Criminal Trespass in the

Second Degree, Criminal Trespass in the Third Degree, and Trespass. On August 3, 2011, all charges against the plaintiff were dismissed upon motion of an Assistant District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Juan Cruz, Marcos Sanchez and Edson Garcia can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Miguel Falu is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Juan Cruz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Juan Cruz was acting within the scope of his employment by defendant The City of New York.

10. Defendant Marcos Sanchez is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officers.

11. At all times relevant herein, defendant Marcos Sanchez was acting within the scope of his employment by defendant The City of New York.

12. Defendant Edson Garcia is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Edson Garcia was acting within the scope of his employment by defendant The City of New York.

### NOTICE OF CLAIM

14. On August 8, 2011, and within ninety days of the accrual of the causes of action herein, plaintiff Miguel Falu served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On June 10, 2011, at approximately 6:00 p.m., plaintiff Miguel Falu was lawfully present on the sidewalk on 164th Street, between Nelson Avenue and Woodycrest Avenue, in the County of the Bronx, City and State of New York.

18. Defendants Juan Cruz, Marcus Sanchez and Edson Garcia stopped plaintiff Miguel Falu and asked him where he was coming from.

19. Plaintiff Miguel Falu responded to these defendants that he was coming from apartment 1H at 1030 Nelson Avenue, Bronx, New York.

20. Plaintiff Miguel Falu had been lawfully present in apartment 1H at 1030 Nelson Avenue, Bronx, New York.

21. The individual defendants accused plaintiff Miguel Falu of swallowing something.

22. Plaintiff Miguel Falu had not swallowed any illegal substance.

23. One of the individual defendants then handcuffed plaintiff Miguel Falu.

24. Defendants Juan Cruz, Marcus Sanchez and Edson Garcia arrested plaintiff Miguel Falu.

25. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia did not have any warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Miguel Falu.

26. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia transported plaintiff Miguel Falu to the 44th Precinct at 2 E. 169th Street, Bronx, New York.

27. At the 44th Precinct, one or more of the individual defendants directed plaintiff Miguel Falu to drink water and to spit out what he had swallowed.

28. One or more of the individual defendants then strip searched plaintiff Miguel Falu.

29. The defendants did not have a search warrant or other legal process authorizing a strip search of plaintiff Miguel Falu.

30. The defendants then transported plaintiff Miguel Falu to Bronx Lebanon Hospital, where he was required to provide a urine sample.

31. The defendants did not have a search warrant or other legal process authorizing the taking of a urine sample from plaintiff Miguel Falu.

32. On information and belief, one or more of the individual defendants induced personnel at Bronx Lebanon Hospital to disclose the results of a test of the urine sample to them.

33. The defendants did not have a search warrant or other legal process authorizing the disclosure to them of plaintiff Miguel Falu's medical records.

34. The defendants did not have a search warrant or other legal process authorizing the disclosure to them of the results of a urine test of plaintiff Miguel Falu.

35. The defendants then transported plaintiff Miguel Falu back to the 44th precinct, where he was imprisoned for a period of time.

36. Plaintiff Miguel Falu was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

37. On information and belief, on June 11, 2011, defendant Juan Cruz falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Miguel Falu had unlawfully entered premises at the corner of Woodycrest Avenue and West 164th Street.

38. On June 11, 2011, defendant Juan Cruz instituted a criminal proceeding against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crimes of Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and the violation of Trespass.

39. On June 12, 2011, plaintiff Miguel Falu was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released in his own recognizance.

40. On August 3, 2011, the criminal charges brought by defendant Juan Cruz against plaintiff Miguel Falu were dismissed on motion of the Bronx County District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this complaint as though the same were set forth fully herein.

42. The seizure, detention, arrest, and imprisonment of plaintiff Miguel Falu by defendants Juan Cruz, Marcos Sanchez, and Edson Garcia were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

43. The seizure, detention, arrest, and imprisonment of plaintiff Miguel Falu were made without probable cause to believe that he had committed a crime or offense.

44. The charges upon which defendants Juan Cruz, Marcos Sanchez and Edson Garcia arrested plaintiff Miguel Falu were false.

45. The charges were made by defendants Juan Cruz, Marcos Sanchez and Edson Garcia against plaintiff Miguel Falu with knowledge that they were false.

46. Plaintiff Miguel Falu was aware of his seizure, detention, arrest and imprisonment by defendants Juan Cruz, Marcos Sanchez and Edson Garcia.

47. Plaintiff Miguel Falu did not consent to his seizure, detention, arrest or imprisonment.

48. As a result of the foregoing, plaintiff Miguel Falu was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

49. The seizure, detention, arrest and imprisonment of plaintiff Miguel Falu deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

50. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Miguel Falu.

51. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Miguel Falu on false criminal charges.

### COUNT TWO
### STRIP SEARCH UNDER 42 U.S.C. §1983

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this complaint as though the same were set forth fully herein.

53. The strip search of plaintiff Miguel Falu conducted at the 44th Precinct deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

54. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia were acting under color of state law when they strip searched plaintiff Miguel Falu or caused the plaintiff to be strip searched at the 44th Precinct.

55. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by strip searching plaintiff Miguel Falu at the 44th Precinct.

### COUNT THREE
### COMPELLING A URINE SAMPLE UNDER 42 U.S.C. §1983

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this complaint as though the same were set forth fully herein.

57. Requiring plaintiff Miguel Falu to provide a urine sample at Bronx Lebanon Hospital deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

58. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia were acting under color of state law when they required plaintiff Miguel Falu to provide a urine sample for testing.

59. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by requiring the plaintiff Miguel Falu to provide a urine sample.

### COUNT FOUR
### OBTAINING MEDICAL INFORMATION UNDER 42 U.S.C. §1983

60. Plaintiff incorporates by reference paragraphs 1 through 59 of this complaint as though the same were set forth fully herein.