61. Obtaining the results of the urine test from Bronx Lebanon Hospital deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

62. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia were acting under color of state law when they obtained the results of the test of the urine sample which they required plaintiff Miguel Falu to provide.

63. Defendants Juan Cruz, Marcos Sanchez and Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by obtaining the results of the test of the urine sample they required plaintiff Miguel Falu to provide.

## COUNT FIVE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though the same were set forth fully herein.

65. The criminal charges brought by defendant Juan Cruz against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division, were false.

66. Defendant Juan Cruz instituted the criminal proceeding against plaintiff Miguel Falu with knowledge that the charges were false.

67. Defendant Juan Cruz instituted the criminal proceeding against plaintiff Miguel Falu without probable cause to believe that plaintiff Miguel Falu had committed the crimes charged.

68. Defendant Juan Cruz was acting with malice when he commenced the criminal proceeding against plaintiff Miguel Falu.

69. The criminal proceeding instituted by defendant Juan Cruz against plaintiff Miguel Falu was terminated in plaintiff Miguel Falu's favor.

70. Defendant Juan Cruz was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Miguel Falu had committed a criminal trespass by illegally entering a building at Woodycrest Avenue and West 164th Street, Bronx, New York.

71. Defendant Juan Cruz was acting under color of state law when he commenced a criminal proceeding against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division.

72. Defendant Juan Cruz deprived plaintiff Miguel Falu of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Miguel Falu on false criminal charges.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

73. Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

75. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

76. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

77. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons charged with minor crimes in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

78. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of obtaining urine samples and medical records of prisoners without search warrants or other legal process in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

79. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

   (d) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals could be subjected to strip searches;

   (e) Defendant The City of New York failed properly to train police officers in the requirement for a search warrant to obtain a urine sample from an

individual and the requirement of a search warrant to obtain an individual's medical records;

(f) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(g) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(h) Defendant The City of New York failed properly to monitor the activities of its police officers to determine if its police officers were obtaining search warrants or court orders to obtain urine samples and medical records consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

(I) Defendant The City of New York failed to discipline police officers for requiring individuals to provide urine samples and obtaining medical records without the benefit of a search warrant or court order authorizing such actions.

80. The arrest, imprisonment, strip search, unlawful urine test, unlawful access to medical records and prosecution of plaintiff Miguel Falu on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause, the requirements for warrantless arrests, the requirements for strip searches, and the requirements for obtaining urine samples and medical records and information of individuals.

81. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

82. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals

arrested on minor charges.

83. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of obtaining urine samples and the results of urine tests without search warrants or other legal process authorizing obtaining urine samples and medical records.

84. Defendant The City of New York deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests, the standards of probable cause for warrantless arrests, the requirements for strip searches, and the requirements for obtaining urine samples and medical records and information of persons under arrest.

85. The aforesaid conduct of defendant The City of New York violated plaintiff Miguel Falu's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

86. Plaintiff incorporates by reference paragraphs 1 through 85 of this Complaint as though the same were set forth fully herein.

87. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Juan Cruz, Marcos Sanchez and Edson Garcia are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

88. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

89. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

90. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Miguel Falu would be violated.

91. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Miguel Falu.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

93. Defendant The City of New York deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police

officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT
## ASSAULT AND BATTERY

94. Plaintiff incorporates by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Defendants Juan Cruz, Marcos Sanchez, Edson Garcia and the City of New York committed an assault and battery on the person of plaintiff Miguel Falu by handcuffing his wrists.

96. As a result of the foregoing, plaintiff Miguel Falu was injured.

97. As a result of the foregoing, plaintiff Miguel Falu experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

98. Plaintiff incorporates by reference paragraphs 1 through 97 of this Complaint as though the same were set forth fully herein.

99. Defendants Juan Cruz, Marcos Sanchez, Edson Garcia and The City of New York falsely imprisoned plaintiff Miguel Falu by seizing, detaining, arresting and imprisoning him on false criminal charges.

100. As a result of the foregoing, plaintiff Miguel Falu was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN
## COMMON LAW MALICIOUS PROSECUTION

101. Plaintiffs incorporate by reference paragraphs 1 through 100 of this Complaint as though the same were set forth fully herein.

102. Defendants Juan Cruz and The City of New York maliciously prosecuted plaintiff Miguel Falu on false criminal charges of Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and Trespass.

103. As a result of the criminal proceeding instituted by defendants Juan Cruz and The City of New York, plaintiff Miguel Falu was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Miguel Falu compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Miguel Falu punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
May 29, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880