UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MIGUEL FALU,

                  Plaintiff,

- against -

THE CITY OF NEW YORK, JUAN CRUZ,
MARCOS SANCHEZ, EDSON GARCIA,
and HAROLD BONHOMME,

                  Defendants
------------------------------------------------------------x

Docket No. 11CV8328(GBD)

SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL

ECF CASE

       Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

       1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Miguel Falu by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

       2. Plaintiff Miguel Falu is a citizen of the United States who was lawfully present on 164th Street, between Nelson Avenue and Woodycrest Avenue in the Bronx, New York, on June 10, 2011, when he was approached by New York City police officers Juan Cruz, Marcos Sanchez and Harold Bonhomme, who were acting under the supervision and direction of defendant Edson Garcia, accused of swallowing a controlled substance, arrested, handcuffed, placed in a police vehicle, transported to the 44th Precinct, strip searched, transported to Bronx Lebanon Hospital, where he was required to provide a urine sample, transported back to the 44th Precinct, where he was imprisoned until the following morning, then transported to Bronx Central Booking, where he was

imprisoned until arraignment on July 12, 2011, on false criminal charges of Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and Trespass. On August 3, 2011, all charges against the plaintiff were dismissed upon motion of an Assistant District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Juan Cruz, Marcos Sanchez, Edson Garcia and Harold Bonhomme can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Miguel Falu is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Juan Cruz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Juan Cruz was acting within the scope of his employment by defendant The City of New York.

10. Defendant Marcos Sanchez is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officers.

11. At all times relevant herein, defendant Marcos Sanchez was acting within the scope of his employment by defendant The City of New York.

12. Defendant Harold Bonhomme is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Harold Bonhomme was acting within the scope of his employment by defendant The City of New York.

14. Defendant Edson Garcia is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendant Edson Garcia was acting within the scope of his employment by defendant The City of New York.

16. Upon information and belief, on June 10, 2011, defendant Edson Garcia was performing the duties of a patrol supervisor.

17. Upon information and belief, on June 10, 2011, defendant Edson Garcia was supervising the activities of defendants Juan Cruz, Marcos Sanchez and Harold Bonhomme in the performance of their duties as police officers.

## NOTICE OF CLAIM

18. On August 8, 2011, and within ninety days of the accrual of the causes of action herein, plaintiff Miguel Falu served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

19. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this complaint as though the same were set forth fully herein.

21. On June 10, 2011, at approximately 6:00 p.m., plaintiff Miguel Falu was lawfully present on the sidewalk on 164th Street, between Nelson Avenue and Woodycrest Avenue, in the County of the Bronx, City and State of New York.

22. Defendants Juan Cruz, Marcus Sanchez and Harold Bonhomme stopped plaintiff Miguel Falu and asked him where he was coming from.

23. Plaintiff Miguel Falu responded to these defendants that he was coming from apartment 1H at 1030 Nelson Avenue, Bronx, New York.

24. Plaintiff Miguel Falu had been lawfully present in apartment 1H at 1030 Nelson Avenue, Bronx, New York.

25. The individual defendants accused plaintiff Miguel Falu of swallowing something.

26. Plaintiff Miguel Falu had not swallowed any illegal substance.

27. One of the individual defendants then handcuffed plaintiff Miguel Falu.

28. Defendants Juan Cruz, Marcus Sanchez and Harold Bonhomme arrested plaintiff Miguel Falu.

29. Upon information and belief, defendants Juan Cruz, Marcos Sanchez and Harold Bonhomme arrested plaintiff Miguel Falu at the direction of defendant Edson Garcia.

30. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia did not have any warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Miguel Falu.

31. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia transported plaintiff Miguel Falu to the 44th Precinct at 2 E. 169th Street, Bronx, New York.

32. At the 44th Precinct, one or more of the individual defendants directed plaintiff Miguel Falu to drink water and to spit out what he had swallowed.

33. One or more of the individual defendants then strip searched plaintiff Miguel Falu.

34. The defendants did not have a search warrant or other legal process authorizing a strip search of plaintiff Miguel Falu.

35. Defendant Edson Garcia authorized the strip search of plaintiff Miguel Falu.

36. The defendants then transported plaintiff Miguel Falu to Bronx Lebanon Hospital, where he was required to provide a urine sample.

37. The defendants did not have a search warrant or other legal process authorizing the taking of a urine sample from plaintiff Miguel Falu.

38. On information and belief, one or more of the individual defendants induced personnel at Bronx Lebanon Hospital to disclose the results of a test of the urine sample to them.

39. The defendants did not have a search warrant or other legal process authorizing the disclosure to them of plaintiff Miguel Falu's medical records.

40. The defendants did not have a search warrant or other legal process authorizing the disclosure to them of the results of a urine test of plaintiff Miguel Falu.

41. The defendants then transported plaintiff Miguel Falu back to the 44th precinct, where he was imprisoned for a period of time.

42. Plaintiff Miguel Falu was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

43. On information and belief, on June 11, 2011, defendant Juan Cruz falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Miguel Falu had unlawfully entered premises at the corner of Woodycrest Avenue and West 164th Street.

44. On June 11, 2011, defendant Juan Cruz instituted a criminal proceeding against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crimes of Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and the violation of Trespass.

45. On June 12, 2011, plaintiff Miguel Falu was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released in his own recognizance.

46. On August 3, 2011, the criminal charges brought by defendant Juan Cruz against plaintiff Miguel Falu were dismissed on motion of the Bronx County District Attorney.

### COUNT ONE
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this complaint as though the same were set forth fully herein.

48. The seizure, detention, arrest, and imprisonment of plaintiff Miguel Falu by defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

49. The seizure, detention, arrest, and imprisonment of plaintiff Miguel Falu were made without probable cause to believe that he had committed a crime or offense.

50. The charges upon which defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia arrested plaintiff Miguel Falu were false.

51. The charges were made by defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia against plaintiff Miguel Falu with knowledge that they were false.

52. Plaintiff Miguel Falu was aware of his seizure, detention, arrest and imprisonment by defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia.

53. Plaintiff Miguel Falu did not consent to his seizure, detention, arrest or imprisonment.

54. As a result of the foregoing, plaintiff Miguel Falu was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

55. The seizure, detention, arrest and imprisonment of plaintiff Miguel Falu deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

56. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Miguel Falu.

57. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Miguel Falu on false criminal charges.

## COUNT TWO
## STRIP SEARCH UNDER 42 U.S.C. §1983

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this complaint as though the same were set forth fully herein.

59. The strip search of plaintiff Miguel Falu conducted at the 44th Precinct deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

60. Defendants Juan Cruz, Marcos Sanchez and Harold Bonhomme were acting under color of state law when they strip searched plaintiff Miguel Falu or caused the plaintiff to be strip searched at the 44th Precinct.

61. Defendant Edson Garcia was acting under color of state law when he authorized defendants Juan Cruz, Marcos Sanchez and/or Harold Bonhomme to conduct a strip search of plaintiff Miguel Falu.

62. Defendants Juan Cruz, Marcos Sanchez and Harold Bonhomme deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by strip searching plaintiff Miguel Falu at the 44th Precinct.

63. Defendant Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by authorizing defendants Juan Cruz, Marcos Sanchez and/or Harold Bonhomme to strip search plaintiff Miguel Falu.

### COUNT THREE
### COMPELLING A URINE SAMPLE UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this complaint as though the same were set forth fully herein.

65. Requiring plaintiff Miguel Falu to provide a urine sample at Bronx Lebanon Hospital deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

66. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia were acting under color of state law when they required plaintiff Miguel Falu to provide a urine sample for testing.

67. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by requiring the plaintiff Miguel Falu to provide a urine sample.

### COUNT FOUR
### OBTAINING MEDICAL INFORMATION UNDER 42 U.S.C. §1983

68. Plaintiff incorporates by reference paragraphs 1 through 67 of this complaint as though the same were set forth fully herein.

69. Obtaining the results of the urine test from Bronx Lebanon Hospital deprived the plaintiff of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

70. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia were acting under color of state law when they obtained the results of the test of the urine sample which they required plaintiff Miguel Falu to provide.

71. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia deprived plaintiff Miguel Falu of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by obtaining the results of the test of the urine sample they required plaintiff Miguel Falu to provide.

## COUNT FIVE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. The criminal charges brought by defendant Juan Cruz against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division, were false.

74. Defendant Juan Cruz instituted the criminal proceeding against plaintiff Miguel Falu with knowledge that the charges were false.

75. Defendant Juan Cruz instituted the criminal proceeding against plaintiff Miguel Falu without probable cause to believe that plaintiff Miguel Falu had committed the crimes charged.

76. Defendant Juan Cruz was acting with malice when he commenced the criminal proceeding against plaintiff Miguel Falu.

77. The criminal proceeding instituted by defendant Juan Cruz against plaintiff Miguel Falu was terminated in plaintiff Miguel Falu's favor.

78. Defendant Juan Cruz was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Miguel Falu had committed a criminal trespass by illegally entering a building at Woodycrest Avenue and West 164th Street, Bronx, New York.

79. Defendant Juan Cruz was acting under color of state law when he commenced a criminal proceeding against plaintiff Miguel Falu in Bronx Supreme Court, Criminal Division.

80. Defendant Juan Cruz deprived plaintiff Miguel Falu of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Miguel Falu on false criminal charges.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

81. Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

83. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

84. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

85. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons charged with minor crimes in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

86. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of obtaining urine samples and medical records of prisoners without search warrants or other legal process in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

87. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

(d) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals could be subjected to strip searches;

(e) Defendant The City of New York failed properly to train police officers in the requirement for a search warrant to obtain a urine sample from an

individual and the requirement of a search warrant to obtain an individual's medical records;

(f) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(g) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(h) Defendant The City of New York failed properly to monitor the activities of its police officers to determine if its police officers were obtaining search warrants or court orders to obtain urine samples and medical records consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

(I) Defendant The City of New York failed to discipline police officers for requiring individuals to provide urine samples and obtaining medical records without the benefit of a search warrant or court order authorizing such actions.

88. The arrest, imprisonment, strip search, unlawful urine test, unlawful access to medical records and prosecution of plaintiff Miguel Falu on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause, the requirements for warrantless arrests, the requirements for strip searches, and the requirements for obtaining urine samples and medical records and information of individuals.

89. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

90. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals

arrested on minor charges.

91. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of obtaining urine samples and the results of urine tests without search warrants or other legal process authorizing obtaining urine samples and medical records.

92. Defendant The City of New York deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests, the standards of probable cause for warrantless arrests, the requirements for strip searches, and the requirements for obtaining urine samples and medical records and information of persons under arrest.

93. The aforesaid conduct of defendant The City of New York violated plaintiff Miguel Falu's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

94. Plaintiff incorporates by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme and Edson Garcia are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

96. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

97. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

98. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Miguel Falu would be violated.

99. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Miguel Falu.

100. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

101. Defendant The City of New York deprived plaintiff Miguel Falu of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police

officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT
## ASSAULT AND BATTERY

102. Plaintiff incorporates by reference paragraphs 1 through 101 of this Complaint as though the same were set forth fully herein.

103. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme, Edson Garcia and the City of New York committed an assault and battery on the person of plaintiff Miguel Falu by handcuffing his wrists.

104. As a result of the foregoing, plaintiff Miguel Falu was injured.

105. As a result of the foregoing, plaintiff Miguel Falu experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

106. Plaintiff incorporates by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107. Defendants Juan Cruz, Marcos Sanchez, Harold Bonhomme, Edson Garcia and The City of New York falsely imprisoned plaintiff Miguel Falu by seizing, detaining, arresting and imprisoning him on false criminal charges.

108. As a result of the foregoing, plaintiff Miguel Falu was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN
## COMMON LAW MALICIOUS PROSECUTION

109. Plaintiffs incorporate by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. Defendants Juan Cruz and The City of New York maliciously prosecuted plaintiff Miguel Falu on false criminal charges of Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and Trespass.

111. As a result of the criminal proceeding instituted by defendants Juan Cruz and The City of New York, plaintiff Miguel Falu was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Miguel Falu compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Miguel Falu punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Second Amended Complaint.

Dated: New York, New York
       March 14, 2013

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880
